[Cite as *State ex rel. Brown v. Indus. Comm.*, 2016-Ohio-7007.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Michael L. Brown, | : | |
| Relator, | : | |
| v. | : | No. 15AP-909 |
| Industrial Commission of Ohio and ABC Chiropractic, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

---

D E C I S I O N

Rendered on September 27, 2016

---

**On brief:** *Knisley Law Offices, Dylan O. Knisley,* and *Kurt A. Knisley,* for relator.

**On brief:** *Michael DeWine*, Attorney General, and *Natalie J. Tackett,* for respondent Industrial Commission of Ohio.

---

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator, Michael L. Brown, commenced this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying Brown's application for temporary total disability ("TTD") compensation and ordering the commission to find Brown is entitled to TTD compensation.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus.

{¶ 3} On May 27, 2016, relator filed with this court a document captioned "Objection to Magistrate's Decision Dated May 20, 2016." Civ.R. 53(D)(3)(b)(ii) requires that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Relator did not give any specific grounds for his objection to the magistrate's decision. Instead, the body of the document purporting to be relator's objections states in its entirety, "Relator, Michael L. Brown, hereby gives notice of objection to the Tenth District Appellate Court of Ohio from the Magistrate's decision rendered on May 20, 2016," and, following the signature page, relator requested this court schedule an oral argument. (Relator's Objs. at 1-3.) Because relator does not include any argument or any grounds for an objection, we cannot construe relator's filing on May 27, 2016 as objections. Accordingly, no objections having been filed, we review this case under Civ.R.53(D)(4)(c).

{¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we deny relator's requested writ of mandamus.

*Writ of mandamus denied.*

DORRIAN, P.J., and BRUNNER, J., concur.

———————————

## APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Michael L. Brown, | : | |
| Relator, | : | |
| v. | : | No. 15AP-909 |
| Industrial Commission of Ohio and ABC Chiropractic, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on May 20, 2016

*Knisley Law Offices, Dylan Knisley,* and *Kurt Knisley,* for relator.

*Michael DeWine*, Attorney General, and *Natalie J. Tackett,* for respondent Industrial Commission of Ohio.

### IN MANDAMUS

{¶ 5}   Relator, Michael L. Brown, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied relator's application for temporary total disability ("TTD") compensation, and ordering the commission to find that he is entitled to that compensation.

Findings of Fact:

{¶ 6}   1. Relator was working as a chiropractor on July 2, 2014, when he alleged that he sustained a work-related injury to his neck, right shoulder, and right knee when he caught a patient who fell.

{¶ 7}   2. Relator's FROI-1 filed July 28, 2014, was initially disallowed by the Ohio Bureau of Workers' Compensation ("BWC") based upon a finding that relator was not covered under workers' compensation because he was a sole proprietor/partner who had not elected to have coverage for himself on the date of injury.

{¶ 8}   3. Following a hearing on December 10, 2014, a district hearing officer ("DHO") allowed relator's claim for the following conditions:  "cervical sprain; right shoulder sprain; right knee medial meniscus tear; and right knee sprain."  The DHO also awarded relator TTD compensation from July 3 through September 12, 2014, and indicated that such compensation may continue based upon submission of appropriate proof.

{¶ 9}   4. The BWC appealed and the matter was heard before a staff hearing officer ("SHO") on February 10, 2015.  Based on evidence that relator had prior extensive right shoulder problems and that Robert J. Nowinski, D.O., opined that he needed right shoulder replacement surgery for end-stage glenohurmeral arthritis, the SHO specifically disallowed relator's claim for "cervical sprain; right shoulder sprain."

{¶ 10} The SHO determined that relator's claim should be allowed for "right knee medial meniscus tear; right knee sprain," and determined that relator had presented sufficient evidence entitling him to an award of TTD compensation for the closed period of July 18 through August 31, 2014.   The SHO specifically relied on the September 25, 2014 C-30 request for medical information completed by Mark D'Onofrio, M.D., who indicated that he first saw relator for right knee pain on July 9, 2014, and diagnosed relator as having a right knee tear medial meniscus.  Dr. D'Onofrio indicated that relator underwent a right knee arthroscopy and that he was disabled from employment from July 18 to August 31, 2014.

{¶ 11} 5. Relator's appeal was refused by order of the commission mailed March 4, 2015.

{¶ 12} 6. Relator treated exclusively with Mark Drake, D.C. Relator first saw Dr. Drake on July 11, 2014 for evaluation and treatment of his cervical, right shoulder, and right knee conditions. Dr. Drake's report indicates that relator's primary reason for treatment with him was for cervical and thoracic complaints and that relator intended to pursue orthopedic evaluation of both his shoulder and knee. Dr. Drake only treated relator's cervical and thoracic spine and shoulder. Dr. Drake recommended further treatment for his spine and recommended that his shoulder and knee be evaluated by an orthopedist.

{¶ 13} In his August 20, 2014 report, Dr. Drake indicated that relator presented for continued treatment of cervical and right upper extremity complaints and that he was awaiting approval of post-surgical rehabilitation for his knee. On examination, Dr. Drake noted that his cervical range of motion was substantially reduced and that he had diminished range of motion with report of pain in flexion, extension, abduction, internal rotation, and external rotation of his right shoulder. Dr. Drake noted that relator was able to actively flex his right knee to 90 degrees, noted some crepitus, but no obvious click as would be associated with a torn meniscus. Treatment included chiropractic adjustments of relator's thoracic and cervical regions, as well as adjustment and therapeutic ultra sound to his right shoulder.

{¶ 14} Dr. Drake completed a Medco-14 dated August 25, 2014 indicating that relator was temporarily unable to return to his former position of employment from July 2 through September 12, 2014. Dr. Drake noted that both relator's right shoulder sprain and his right knee sprain were the conditions causing his temporary disability and that he was awaiting approval for right shoulder rehabilitation, right knee post-surgical rehabilitation, and a cervical sprain MRI.

{¶ 15} The record also contains the October 11, 2014 report of Dr. Drake indicating that relator presented for continued treatment and evaluation of job injuries involving his cervical spine and right shoulder. This report specifically indicates that the additional injury affecting relator's right knee was not the primary focus of the visit, but that he did continue to have pain. Dr. Drake adjusted relator's upper thoracic and cervical regions, and applied electrical stimulation and therapeutic ultrasound to his shoulder. Dr. Drake indicated that he would again request authorization for a cervical

spine MRI and continued chiropractic care. Dr. Drake also recommended an orthopedic consultation to evaluate relator's right shoulder and indicated that he would complete a Medco-14 noting substantial limitations in relator's right shoulder function that limit his ability to function within his profession as a chiropractor. Dr. Drake did complete a Medco-14 indicating that relator was temporarily and totally disabled from October 11, 2014 through January 13, 2015, noting that the conditions causing this disability were his right shoulder sprain with possible internal joint derangement and right knee sprain with torn meniscus.

{¶ 16} The record also contains a January 12, 2015 report of Dr. Drake indicating that relator presented for evaluation of right shoulder, cervical spine, and right knee injuries. Dr. Drake noted that relator reported pain of 8/10 in his shoulder and 6/10 in his right knee. Dr. Drake noted that relator's range of motion of his right shoulder was still significantly affected and that he had active range of motion of his right knee to full extension without additional pain. Dr. Drake again recommended a cervical MRI, a medical evaluation for an EMG study of relator's right upper extremity, an orthopedic consultation for relator's right knee and right shoulder, and rehabilitation for relator's right knee. Dr. Drake completed another Medco-14 indicating that relator was temporarily and totally disabled from January 16 through March 15, 2015, and again listed relator's right shoulder sprain with suspected joint derangement and right knee sprain with torn meniscus as the conditions causing relator's disability.

{¶ 17} 7. In an order mailed March 13, 2015, the BWC determined that relator had been overpaid TTD compensation in the amount of $21,225 and ordered that the overpayment be recouped from future awards of compensation to which relator may become entitled.

{¶ 18} 8. Relator appealed and the matter was heard before a DHO on April 15, 2015. The DHO modified the prior BWC order finding an overpayment and stating:

> The Hearing Officer finds that the Injured Worker was paid temporary total disability compensation from 07/03/2014 to 02/07/2015. However, Staff Hearing Officer order dated 02/10/2015 only granted temporary total disability compensation from 07/18/2014 to 08/31/2014, a closed period. It is therefore the order of the Hearing Officer that the Injured Worker was overpaid temporary total disability

compensation from 07/03/2014 to 07/17/2014 and from 09/01/2014 to 02/07/2015. It is therefore the order of the Hearing Officer that the total amount of the overpayment is $21,225. The BWC is to recoup the overpayment pursuant to R.C. 4123.511(K).

This order is based on the Staff Hearing Officer order dated 02/10/2015.

{¶ 19} 9. Relator's appeal was heard before an SHO on May 26, 2015. The SHO affirmed the prior DHO order finding an overpayment, stating:

The order of the District Hearing Officer, issued 04/17/2015, is affirmed.

The Staff Hearing Officer affirms the District Hearing Officer's finding that the Bureau of Workers' Compensation correctly calculated the overpaid periods of temporary total disability compensation in this claim between 07/03/2014 and 02/07/2015. Specifically, the Staff Hearing Officer notes the Injured Worker was awarded a discreet and closed period of temporary total disability compensation pursuant to Staff Hearing Officer order, dated 02/10/2015. Temporary total disability compensation was awarded from 07/18/2014 through 08/31/2014, closed period. Accordingly, the Staff Hearing Officer finds the Injured Worker was erroneously paid temporary total disability compensation by the Bureau of Workers' Compensation from 07/03/2014 to 07/17/2014 and again from 09/01/2014 to 02/07/2015. The Staff Hearing Officer affirms the Bureau of Workers' Compensation's calculation of these overpaid benefits to total $21,225.00 and orders that a recoupment be made pursuant to the non-fraud provisions of R.C. 4123.511(K). This decision is based on the Staff Hearing Officer's decision, dated 02/10/2015 and the overpayment calculation included in the Bureau of Workers' Compensation administrative order, dated 03/13/2015.

All of the evidence available to the Industrial Commission was reviewed and considered in rendering this decision.

{¶ 20} 10. In an order mailed June 18, 2015, relator's appeal from the determination of an overpayment was refused.

{¶ 21} 11.  On May 26, 2015, (the same day the SHO upheld the determination of an overpayment), a DHO heard relator's new application for TTD compensation.  The DHO specifically denied relator's request for TTD compensation from August 31, 2014 through May 6, 2015 finding that relator failed to establish by a preponderance of the evidence that he was temporarily and totally disabled based independently on the allowed conditions in his claim.  Specifically, the DHO order provides:

> Temporary total disability compensation requested from 08/31/2014 through 05/06/2015 is denied. The Staff [sic] Hearing Officer finds the Injured Worker has failed to establish by a preponderance of the evidence in file that he was temporarily and totally disabled based independently on the allowed conditions in this claim during this period. Specifically, the Staff [sic] Hearing Officer finds the serial MEDCO-14s Physician's Reports of Work Ability covering this period and completed by Mark Drake, D.C. all indicate that in Dr. Drake's opinion the Injured Worker's temporary total disability is attributable, at least in part, to conditions specifically disallowed in this claim. The Staff [sic] Hearing Officer cites the MEDCO-14 signed by Dr. Drake on 10/27/2014 in which Dr. Drake opines the Injured Worker is temporarily and totally disabled as a result of a right shoulder sprain and notes in his corresponding office note, dated 10/11/2014, that the Injured Worker was there for continuing treatment and evaluation involving the cervical spine and right shoulder and that the right knee was specifically not the focus of the visit. Similarly, the Staff [sic] Hearing Officer cites the MEDCO-14, signed by Dr. Drake on 09/20/2014 which cites the disallowed right shoulder sprain as a disabling condition; the MEDCO-14 completed on 08/20/2014 citing both the disallowed cervical and right upper extremity conditions and the previously cited MEDCO-14, signed 10/27/2014.

{¶ 22} Thereafter, the DHO stated that, if relator presented sufficient medical evidence, the commission would consider whether he was entitled to an award of TTD compensation from May 7 through May 19, 2015, stating:

> The Staff [sic] Hearing Officer notes the Injured Worker returned to his surgeon, Mark D'Onofrio, M.D. on 05/17/2015. On this visit Dr. D'Onofrio noted that physical therapy had just been approved and indicated that the Injured Worker needed to complete this physical therapy

with the possibility of vocational rehabilitation at that time and went on to note the Injured Worker was not able to work as he had not had appropriate physical therapy to address his right knee medial meniscal tear. Accordingly, and based on this office note, the Staff [sic] Hearing Officer finds that consideration of payment of temporary total disability compensation from 05/07/2015 through 05/19/2015 shall be considered upon submission of appropriate certification of disability stemming from the allowed conditions in this claim during this period.

{¶ 23} Thereafter, the DHO determined that TTD compensation was appropriate from May 20 through May 26, 2015, stating:

Temporary total disability compensation is awarded from 05/20/2015 through 05/26/2015 and shall continue to be paid upon submission of appropriate certification and proof of disability stemming from the allowed conditions in this claim. This period of temporary total disability compensation is based on the MEDCO-14 completed by Dr. Drake on 05/20/2015 which predicates disability based solely on the allowed conditions in this claim.

{¶ 24} 12. Relator's appeal was heard before an SHO on July 7, 2015. The SHO affirmed the prior DHO order finding that relator was not entitled to an award of TTD compensation from August 31 through May 6, 2015, stating:

Temporary total disability compensation remains denied for the closed period 08/31/2014 through 05/06/2014 [sic], on a finding that the Injured Worker has not satisfied his burden of proving that he was temporarily and totally disabled independently by the allowed conditions in the claim. It is particularly noted that the allowed conditions in the claim are limited to right knee medial meniscus tear and right knee sprain, and that the claim has been explicitly disallowed for cervical sprain and right shoulder sprain. The medical records in the file clearly show that the Injured Worker was being treated for all of these conditions throughout the period in question. The Injured Worker's obligation is to demonstrate to [sic] that he was independently disabled by the allowed conditions in the claim, without consideration being given to the conditions which have been disallowed. The records over the period for which compensation is denied do not demonstrate that the

Injured Worker was independently disabled by the allowed conditions.

The Injured Worker submits several MEDCO-14 Physician's Reports of Work Ability from Mark Drake, D.C. Dr. Drake lists both allowed and non allowed conditions, and when asked the question, "Is this condition causing temporary disability?" in each of the cases of MEDCO-14s covering the period which has been denied indicates for some or all of the non allowed conditions that they are causing temporary disability. Typical of this, is the 10/27/2014 MEDCO-14 and the corresponding office note of 10/11/2014.

Counsel for the Injured Worker argued that the certification on the MEDCO-14 of a condition with a box checked indicating that it is temporarily and totally disabled is a statement that that condition, operating separately and without consideration of the other conditions listed, causes a temporary and total disability, for each one of the conditions so marked on the form. This is not consistent with the design of the form itself, and is not an unambiguous statement. This is particularly true since the form itself, as a separate section of the same question, asks the treating physician to list all other conditions being treated.

{¶ 25} Thereafter, as the DHO found, the SHO concluded that relator may be entitled to TTD compensation from May 7 through May 19, 2015, and specifically awarded him TTD compensation from May 20 through May 26, 2015 and continuing upon submission of appropriate proof:

The Injured Worker was seen by his surgeon, Mark D'Onofrio, M.D., on 05/17/2015. Dr. D'Onofrio's note from that date of treatment states that the Injured Worker was not able to work because he had not completed an adequate course of physical therapy with regard to his right knee medial meniscus tear, consequently, for the period 05/07/2015 through 05/19/2015, temporary total may be considered upon presentation of appropriate proof.

Finally, the temporary total disability compensation is awarded from 05/20/2015 through 05/26/2015, to continue upon presentation of appropriate proof. This award is based upon the 05/20/2015 MEDCO-14 from Dr. Drake, which does state the Injured Worker was independently disabled solely by the allowed conditions in the claim.

{¶ 26} 13. Relator's further appeal was refused by order of the commission mailed July 28, 2015.

{¶ 27} 14. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 28} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 29} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 30} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 31} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4)

claimant has reached MMI.    *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 32} Relator asserts that the commission abused its discretion arguing that all of the relevant medical evidence clearly demonstrates that he was temporarily and totally disabled during the relevant time periods as a result of the allowed conditions in his claim.   Relator argues that Dr. Drake repeatedly opined that post-surgical therapy for his knee was necessary and that the Medco-14s completed by Dr. Drake support a finding that the allowed conditions for his right knee disabled him independently of any disability which was caused by the non-allowed right shoulder condition.

{¶ 33} It is undisputed that an award of TTD compensation cannot be based on non-allowed conditions.   *See State ex rel. Chrysler Corp. v. Indus. Comm.*, 81 Ohio St.3d 158 (1998).   Where a claimant has both allowed and non-allowed conditions, the commission must determine to what extent, if any, the non-allowed or disallowed conditions contribute to a claimant's disability under *State ex rel. Waddle v. Indus. Comm.*, 67 Ohio St.3d 452 (1993).

{¶ 34} As noted in the findings of fact, Dr. Drake submitted several Medco-14s certifying that relator was temporarily and totally disabled.   On each of those forms, Dr. Drake was asked to list all the conditions being treated which were caused by the work-related injury.   On each form, Dr. Drake specifically indicated that he was treating relator for injuries to his neck, right shoulder, and right knee.   Further, on each Medco-14, Dr. Drake noted that the conditions affecting relator's neck were not causing temporary total disability.   However, on each Medco-14, Dr. Drake specifically noted that relator's right shoulder and right knee were conditions causing him to be temporarily and totally disabled.   Additionally, as noted in the findings of fact, each report/office note which accompanies Dr. Drake's Medco-14s begins with a discussion of relator's cervical spine and his right shoulder.   The right knee condition is always the last condition discussed by Dr. Drake and he does not provide treatment.   In the October 11, 2014 report, Dr. Drake specifically notes that the additional injury affecting relator's right knee was not the primary focus of his visit.

{¶ 35} Although relator asserts that the Medco-14s indicate that each of the conditions (right shoulder and right knee) independently rendered him temporarily and

totally disabled, the commission did not find this evidence to be persuasive. Instead, the commission rejected relator's argument because the Medco-14 provides a space for the treating physician to indicate what work-related injuries were being treated, whether or not they were disabling, and provides a separate section for the treating physician to list all other conditions being treated.

{¶ 36} It is undisputed that relator's claim was specifically disallowed for both cervical and right shoulder conditions. As such, neither of those two conditions are, for purposes of his workers' compensation claim, being treated due to his work-related injury. Instead, those two conditions are not allowed in the claim and should be listed under the section of the form asking the treating physician to list all other conditions being treated. The magistrate finds that the commission's interpretation and analysis of the form is reasonable and does not constitute an abuse of discretion. There simply is no indication on the forms or in Dr. Drake's reports from which one could conclude that the allowed right knee condition independently rendered relator temporarily and totally disabled.

{¶ 37} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion when it denied his request for temporary total disability compensation and this court should deny his request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).